```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**TRA VION WINFIELD,**

        **Petitioner,**

                                                      CIVIL ACTION

**v.**                                                      No. 09-3217-SAC

**DAVID MCKUNE, et al.,**

        **Respondents.**

### MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, a prisoner in state custody, proceeds pro se. He challenges the validity of his May 2007 sentence imposed by the District Court of Johnson County, Kansas.

**I. Background**

Petitioner pled guilty in March 2007 to two counts of aggravated robbery, one count of aggravated burglary, and one count of theft. He was sentenced to a controlling term of 160 months.

When considering the appropriate sentence for the first count of aggravated robbery, the trial judge considered petitioner's prior criminal history and the nature of the crime. Ultimately, the court found it appropriate to apply the aggravated sentence allowed under the Kansas sentencing guidelines, K.S.A. 21-4704, which was 100 months. The other

terms were a combination of standard and mitigated sentences and are not at issue.

Petitioner unsuccessfully pursued an appeal of his sentence on several grounds, but the Kansas Court of Appeals upheld the trial court's determination. *State v. Winfield*, 188 P.3d 977 (Kan. App. 2008) (unpublished). It is from that determination that he petitions for a writ of habeas corpus.

**II. Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, if a claim has been adjudicated on the merits in a state court, a federal habeas court may grant relief only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

The court presumes the factual findings of the state courts to be correct; the petitioner may rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A decision is "contrary to" federal law "if the state court applied a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

**III. Discussion**

Petitioner challenges the 100-month sentence imposed for the count of aggravated robbery due to both the application of the aggravated sentence and the consideration of his prior criminal history.  Specifically, he argues that imposing the aggravated sentence without the submission of any aggravating factors to a jury and proven beyond a reasonable doubt is a violation of the requirements of *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Cunningham v. California*, 549 U.S. 270 (2007).  Similarly, he maintains that consideration of his prior convictions without presenting the same to a jury is a violation of his constitutional rights.

The court considers each of these arguments in turn.

*A.   Application of the aggravated sentence*

In order for a court to impose a criminal penalty which exceeds the statutory maximum, the facts supporting that penalty must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490.  This rule applies to sentencing guidelines, as well. *Cunningham*, 549 U.S. at 293.  In *Cunningham v. California*, the United States Supreme Court rejected the portion of California's three-tiered sentencing scheme which allowed the sentencing judge to independently consider facts and depart from the statutory maximum in applying an aggravated sentence. *Id.* at 288.

Petitioner claims that, in permitting the trial judge to

impose an aggravated sentence without submitting facts to a jury, the Kansas sentencing guidelines violate the rules of *Apprendi* and *Cunningham*. Initially, this argument appears persuasive. Much like the system struck down in *Cunningham*, the Kansas guidelines provide a three-sentence range - specifically, a mitigating sentence, a "usual case" sentence, and an aggravated sentence - and allow the judge to set the sentence anywhere within that range. K.S.A. 21-4704(e)(1).

However, petitioner's position does not survive under scrutiny. The government points out, and the Court agrees, that the California system in *Cunningham* and the one used in Kansas are substantially different. The Kansas guideline system "defines *presumptive* punishments for felony convictions" and provides that "the sentencing judge shall select the center of the range in the usual case and reserve the upper and lower limits for aggravating and mitigating factors *insufficient to warrant a departure*." K.S.A. 21-4704(d), (e)(1) (emphasis added). Furthermore, the guidelines allow "judicial discretion to deviate for substantial and compelling reasons and impose a different sentence in recognition of aggravating and mitigating factors." K.S.A. 21-4704(d).

This highly discretionary system only facially resembles the scheme analyzed in *Cunningham*. In *Cunningham*, the trial judge was mandated to begin with the middle term and select the upper or lower terms only when circumstances justified such; in the

Kansas guidelines, judicial discretion allows a sentencing court to abandon the middle, "usual case" term and apply any sentence within the range. KSA 21-4704(d). Furthermore, the Kansas guidelines firmly establish that any of the three terms are presumptive in nature, and that application of even the aggravated penalty is not a departure sentence. K.S.A. 21-4704(e)(1).

The Kansas Supreme Court has held that the Kansas guidelines violate neither *Apprendi* nor *Cunningham*. *See State v. Johnson*, 190 P.3d 207, 225 (Kan. 2008) ("Consequently, the prescribed 'statutory maximum' sentence . . . is the upper term in the presumptive sentencing grid block. K.S.A. 21-4704(e)(1) is constitutional under the Sixth and Fourteenth Amendments to the United States Constitution and does not violate the holdings in *Apprendi* or *Cunningham*.") Moreover, both this and other circuits have upheld sentencing schemes with discretionary language similar to that in the Kansas guidelines. *See Vogt v. Novak*, 153 F. App'x 474 (10th Cir. 2005) (Colorado sentencing guidelines); *Montes v. Trombley*, 599 F.3d 490 (6th Cir. 2010) (Michigan sentencing guidelines).

For these reasons, the court concludes the sentence imposed by the sentencing court is valid and did not violate petitioner's protected rights.

B.   *Application of prior criminal history.*

Petitioner also maintains that the sentencing court's

consideration of his prior criminal history violates his rights because it increased the maximum sentence from 61 months, the aggravated penalty for an individual with no criminal history, to 100 months, the aggravated penalty for an individual with petitioner's criminal history.

It has been long established that recidivism and prior convictions are factors to be considered in sentencing. *Alemndarez-Torres v. United States*, 532 U.S. 224, 235 (1998). In its *Apprendi* holding, the U.S. Supreme Court expressly excluded "the fact of prior conviction" from the category of facts that must be submitted and proved to a jury in order to depart from the statutory maximum sentence. 530 U.S. at 490. This exception was reconsidered and upheld in *United States v. Booker* 543 U.S. 220, 244 (2005); the Kansas Supreme Court approved the same in *State v. Ivory*, 41 P.3d 781, 782 (2002). Furthermore, this district has affirmed the use of prior criminal history in Kansas state cases under the *Apprendi* exception. *Dupree v. Bruce*, 2007 WL 625728, at *3-4 (D. Kan. Feb. 23, 2007).

Addressing a similar claim, the *Dupree* court stated:

> Under the Kansas Sentencing Guidelines, criminal history is not an enhancement, but is built into the calculation of a presumptive sentence. *State v. Ivory*, 273 Kan. at 46, 41 P.3d at 782. In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court created an explicit exception to *Apprendi* and its progeny by allowing a judge to determine a fact of prior conviction without violating a defendant's Sixth Amendment rights. *United States v. Taylor*, 413 F.3d 1146, 1158 n. 5 (10th Cir. 2005), *cert. denied*, 127 S.Ct. 228 (2006). In *Almendarez-Torres*, the Supreme

>   Court held that because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," 523 U.S. at 243, and "as typical a sentencing factor as one might imagine," 523 U.S. at 230, the Constitution does not require the government to charge or prove to a jury either the existence of prior convictions or certain facts related to those convictions such as their classification as "violent felonies." *United States v. Moore*, 401 F.3d 1220, 1221 (10th Cir. 2005); *see United States v. Pineda-Rodriguez*, 133 Fed. Appx. 455, 457-58 (10th Cir. May 4, 2005). [....]  2007 WL 625728 at *3.

For the foregoing reasons, the Court concludes that the sentencing court's consideration of the petitioner's criminal history did not violate petitioner's rights.

IT IS, THEREFORE, BY THE COURT ORDERED that the petition for writ of habeas corpus is denied.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 5th day of October, 2011.

>   S/ Sam A. Crow
>   SAM A. CROW
>   United States Senior District Judge